*469 Tbe opinion of tbe Court was delivered by
O’Neall, J.
Tbe question in tbis case is, wbetber tbe Judge below was right in instructing tbe jury that if they believed there was a secret trust between tbe plaintiff’s intestate, and tbe defendant, that tbe slaves conveyed by tbe intestate’s deed to tbe defendant should be held in nominal servitude, that then tbe deed would be void, under tbe Act of 1841, and they might find for tbe defendant.
Tbe 3d sect, of tbe Act of 1841, 11 Stat. 155, declares “ that any bequest, gift, or conveyance of any slave or slaves accompanied with a trust, or confidence, secret, or expressed, that such slave or slaves shall be held in nominal servitude only, shall be void and of no effect, and every donee, or trustee bolding rrnder such bequest, gift or conveyance, shall he liable to deliver up such slave, or slaves, or held to account for tbe value, for tbe benefit of tbe distributees or next of Mn of tbe person making such bequest, gift or conveyance.” Under tbis clause of tbe Act it is first to be inquired, is tbis deed, (supposing a secret trust to be established) ipso facto void as against tbe donor himself? It appears to me to be clear upon tbe words of tbis statute itself that it is not. Eor although tbe words are “ void and of no effect” yet it is followed by words, which show that tbe estate is in tbe donee as against tbe donor. For tbe donee is declared “ to be liable to deliver up such slave or slaves, or held to account for tbe value.” These are enough to show, that tbe legal title was to remain in tbe donee, until be was called upon by some one entitled finder tbe Act to make tbe claim for tbe delivery, or an account for tbe value. "Who under tbe Act could make such claim ? Tbe donor! Certainly not, for it is to be for tbe benefit of tbe “ distributees, or next of kin” of tbe donor. Such persons, as occupy these characters, after tbe death of tbe donor can alone make tbis claim. Tbe words “ void and of no effect” used in our Act of tbe Legislature do not necessarily make tbe deed void, as of course. They are generally *470 used in the sense of may be “ avoided.” Such has been the construction in the various cases arising under our registry laws. Tait vs. Crawford, 1 McC. 265; Mansell vs. Steel, 6 Rich. 437.
The great question, in this case, is whether the plaintiff, the administrator of the donor, can set up the secret trust to defeat the deed of his intestate ?
The words of the Act, as I have quoted and commented on them, clearly show that he is not the person to make the question. I think too there is no clearer proposition in the books than that an administrator cannot dispute the title of his intestate’s donee to personal property in possession, or conveyed by deed. As to the latter (property conveyed by deed) I put it alongside of property in possession. Por a deed by its delivery, carries the property the same as is done by manual tradition and delivery in the case of a gift by words.
On the proposition “ that an administrator cannot dispute the gift of his intestate” I shall be under no necessity of appealing to authorities out of the State, though I may refer to some cases in the English books to explain positions assumed in the argument. The first of our own cases, to which I refer is Shelton vs. Crosby, decided in Columbia, not reported, (but which will be I hope with this case). In Chappell vs. Brown, 1 Bailey, 531, Judge Evans states the ruling of Judge Johnson who delivered the opinion of the Court to be as follows: “ If it be true, that the intestate was in debt, and insolvent, and that a voluntary gift is void as a fraud on creditors, there is no doubt, that as creditors, they would be entitled to relief, but the plaintiff sued as adminis-tratrix, and in that character represents the person of her intestate, and is estopped to say he had committed a fraud.”
In Chappell vs. Brown, the defendant an administrator had been charged with the value of property found in the posses: sion of the intestate at his death, and which the defendant *471 bad delivered to donees, on tbe allegation of gifts. This Court held the administrator was improperly charged. Judge Evans, delivering the opinion, said, “ If they” (the donees) “ did derive their title in this way” (as a voluntary gift,) “ and Love (the intestate) did give them the negro and horse, then I take it to be very clear, that these gifts though void as to creditors could not be disputed by Love’s administrator.”
In Anderson vs. Belcher, 1 Hill, 249, a, it was ruled, that an administrator could not dispute the voluntary conveyance of his intestate, in a ease where the rights of creditors were attempted to be enforced by seizing the property, under an execution against the administrator for the debt of the intes-, tate. The same doctrine was repeated in the same case subsequently tried but antecedently reported.. 1 Hill, 246.
These cases very clearly and fully show, that the administrator cannot make the allegation, which renders his intestate’s deed void. He is legally regarded, as his intestate, and it never has been allowed, when parties are in pari delicto that one should claim the aid of the Court to divest the possession, or legal estate of the others.
In Hawes vs. Leader, Cro. Jac. 271, it was held that an administrator cannot avoid his intestate’s gift on the ground that he was in debt. In Bethel vs. Stanhope, Cro. Elizabeth, 810, it had been previously held that a voluntary donee might be charged by a creditor as an executor de son tort, and in Tucker vs. Williams, Dud. 329, this ruling was carried out, and a voluntary donee was charged as an executrix de son tort with the debt of the deceased donor. But these principles cannot help the plaintiff, as was supposed in the argument The defendant can only be so charged by the creditors of the deceased, if he had any. The plaintiff is undertaking to dispute the defendant’s title by showing that his intestate and the defendant combined together to do that which the law forbade. He is estopped in pais by his character from making that allegation.
*472 Tbe case of Collins vs. Blantern, 2 Wilson, 341, was much, relied upon by tbe plaintiff: tbat was an action, on a bond given to compound a prosecution for perjury. It was beld tbe action could not be sustained, inasmuch as tbe consideration was illegal and the bond therefore void. There is no doubt, tbat decision was right, but it cannot help tbe plaintiff, for there tbe aid of tbe Court was asked to enforce tbe illegal instrument. Here the, defendant is in possession, and tbe attempt is by tbe representative of bis particeps, to deprive him of bis possession: tbe aid of tbe Court is not sought to enforce tbe deed, but to set it aside. This tbe plaintiff cannot claim.
It was supposed, tbat because a deed conveying goods won at gaming was void, and tbat tbe loser might recover them back, or their value if over ten pounds, tbat by analogy, it ought to be beld tbat a deed conveying slaves, which by tbe Act of 1841, is also declared void, would not estop either tbe donor or bis administrator in recovering them back. Tbe Stat. of 9 Anne by its second section (2 Stat. 566,) gives to tbe loser, if be sues within three months, 4he right to sue and recover. There is no such provision, in tbe Act of 1841, and that distinguishes tbe case in band from tbat under tbe Statute of Anne.
Tbe case of Hockaday ads. Willis, 1 Speer, 379, affirms that tbe title of tbe winner after three months is good against tbe loser, showing that tbe statute alone enabled tbe loser to recover, and not tbe provision tbat tbe deed is declared to be void.
After this review of authorities I think it may be affirmed, tbat it is without precedent to sustain tbe attempt now made by an administrator to dispute tbe gift of bis intestate. Tbe law is indeed uniformly laid down by tbe authorities to be, that he cannot dispute a gift made by his intestate. The Act of 1841 by tbe words used in the third section, plainly show tbat none save the “ distributees or next of kinn were intended to *473 divest tbe legal estate, which the conveyance of the donor conferred upon the donee under a secret trust, that “the slaves shall be held in nominal servitude only.”
It hence follows, as the administrator, the plaintiff, cannot set up the secret trust to defeat his donor’s deed, that the instruction below was wrong in that respect.
The motion for a new trial is granted.
JohNStoN, Dunkin and Wabdlaw, CO., and Withees, J., concurred.
Munbo J., had been counsel for the defendant, and did not hear the cause.

Motion granted.